UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAY F. VERMILLION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01674-JPH-DML |
| ) | |
| TOM FRANCUM, et al. ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Complaint and Directing Service of Process**

Plaintiff Jay Vermillion, an inmate at Pendleton Correctional Facility ("PCF"), brings this 42 U.S.C. § 1983 action alleging that certain individuals have retaliated against him. Because Mr. Vermillion is a "prisoner," the Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I.   Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II.     Allegations and Discussion

Mr. Vermillion's complaint names several defendants: (1) Tom Francum, head of Internal Affairs for the Indiana Department of Correction ("IDOC"); (2) Charles Houchins, supervisor of the Office of Intelligence and Investigations at PCF; (3) Brock Turney, an investigator in the Office of Intelligence and Investigations at PCF; (4) Jeff Malott, an investigator in the Office of Intelligence and Investigations at PCF; (5) Duane Alsip, Assistant Superintendent at PCF; and (6) Dushan Zatecky, Supervisor at PCF. He requests monetary damages.

Mr. Vermillion alleges that Mr. Francum, Mr. Houchins, and Mr. Turney instructed individuals at PCF to terminate Mr. Vermillion from his job in the law library in retaliation for his success in a civil lawsuit and to thwart his ability to achieve similar success in another civil lawsuit in July 2018. He notified Assistant Superintendent Alsip and Superintendent Zatecky of the situation and asked for their intervention. Neither Assistant Superintendent Alsip nor Superintendent Zatecky intervened on Mr. Vermillion's behalf.

Mr. Vermillion also asserts that Mr. Turney and Mr. Malott refused to add the phone numbers for Mr. Vermillion's attorneys and financial advisors onto his list of approved numbers in retaliation for his success in the other civil litigation.

To state a First Amendment retaliation claim, Mr. Vermillion must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017)

(citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Mr. Vermillion's First Amendment retaliation claims **shall proceed** against all of the named defendants.

### III. Service of Process

The **clerk is directed**, pursuant to Federal Rule of Civil Procedure 4(c)(3), to issue process to defendants (1) Tom Francum; (2) Charles Houchins; (3) Brock Turney; (4) Jeff Malott; (5) Duane Alsip; and (6) Dushan Zatecky in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### IV. Conclusion

Mr. Vermillion's First Amendment retaliation claims **shall proceed** against all the named defendants.

These are the only claims the Court discerns in the complaint. If Mr. Vermillion believes additional claims were alleged in the complaint, but not identified by the Court, he shall have **through August 31, 2020**, in which to identify those claims.

**SO ORDERED.**

Date: 7/31/2020

                                          *James Patrick Hanlon*
                                          James Patrick Hanlon
                                          United States District Judge
                                          Southern District of Indiana

Distribution:

JAY F. VERMILLION
973683
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to the following IDOC employees:

    At Pendleton Correctional Facility
        Charles Houchins
        Brock Turney
        Jeff Malott
        Duane Alsip
        Dushan Zatecky

    At Indiana Department of Correction
        Tom Francum