UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAY F. VERMILLION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01674-JPH-DML |
| | ) |
| TOM FRANCUM, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Screening Amended Complaint**

On October 14, 2020, plaintiff Jay Vermillion filed an amended complaint. Dkt. 23. The amended complaint is now the operative pleading in this action. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

Mr. Vermillion is currently incarcerated at Pendleton Correctional Facility ("PCF"). He brings this action under 42 U.S.C. § 1983. Because Mr. Vermillion is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the

1

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Vermillion are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Allegations and Discussion

Mr. Vermillion names no new defendants and states no new claims in his amended complaint. Dkt. 23. Rather, he has filed the amended complaint to clarify his factual allegations. *See* dkt. 24.

Mr. Vermillion alleges that Mr. Francum, Mr. Houchins, and Mr. Turney terminated Mr. Vermillion's employment from his job in the law library in retaliation for his success in a civil lawsuit and to thwart his ability to achieve similar success in another civil lawsuit in July 2018. After terminating his employment, these defendants then instructed Mr. Vermillion's supervisors to communicate the termination to him. He notified Assistant Superintendent Alsip and Superintendent Zatecky of the situation and asked for their intervention. Neither Assistant Superintendent Alsip nor Superintendent Zatecky intervened on Mr. Vermillion's behalf.

Mr. Turney and Mr. Malott refused to add the phone numbers for Mr. Vermillion's attorneys and financial advisors onto his list of approved numbers in retaliation for his success in other civil litigation.

Mr. Vermillion's First Amendment retaliation claims **shall proceed** as submitted against all of the named defendants.

### III. Directing Answer

Counsel for defendants Charles Houchins, Brock Turney, Jeff Malott, Duane Alsip, and Dushan Zatecky have already filed an appearance. These defendants shall have **through November 27, 2020,** to file an Answer or other responsive pleading to the amended complaint.

### IV. Issuance and Service of Process

Because waiver forms sent to defendant Tom Francum have not been returned, the **clerk is directed**, pursuant to Federal Rule of Civil Procedure 4(c), to issue process to defendant Tom Francum. Process shall consist of the amended complaint, dkt. [23], filed October 14, 2020; applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

### V. Conclusion

Mr. Vermillion's First Amendment retaliation claims against all of the defendants **shall proceed** as submitted. Defendants Charles Houchins, Brock Turney, Jeff Malott, Duane Alsip, and Dushan Zatekcy shall have **through November 27, 2020,** to file an answer or other responsive pleading to the amended complaint.

The **clerk is directed** to issue process to defendant Tom Francum.

**SO ORDERED.**

Date: 11/10/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAY F. VERMILLION
973683
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Tom Francum
Restricted Address at docket 22