UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAY F. VERMILLION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01674-JPH-KMB |
| | ) |
| TOM FRANCUM, | ) |
| CHARLES HOUCHINS, | ) |
| BROCK TURNEY, | ) |
| JEFF MALOTT, | ) |
| DUANE ALSIP, | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Defendants. | ) |

**ORDER OVERRULING OBJECTION**

Plaintiff Jay F. Vermillion objects to Magistrate Judge Lynch's July 28, 2022, Order denying his motion for leave to undertake summary judgment related discovery. Dkt. [107] (objection to dkt. 106). He argues that the Court should reconsider his motion and grant him leave to undertake the summary judgment-related discovery as requested or find that the defendants' failure to answer the Requests for Admission has resulted in an admission. Dkt. 108. For the reasons below, Mr. Vermillion's objection is **OVERRULED.**

I.
**Facts and Background**

Mr. Vermillion filed this lawsuit alleging that the defendants terminated him from his employment from Pendleton Correctional Facility's law library in retaliation for his success in prior civil litigation and not as a result of a drug trafficking investigation. *See* dkt. 28 (screening order).

The discovery deadline in this case was April 29, 2022. Dkt. 59. That deadline was later extended to May 11, 2022, for the purpose of allowing the defendants to depose Mr. Vermillion. Dkt. 83.

On June 20, 2022, Defendants filed a motion for summary judgment. Dkt. 97. Mr. Vermillion was granted an extended period of time through September 20, 2022, to file his response in opposition to summary judgment. Dkt. 103.

On July 22, 2022, he filed a motion for leave to undertake summary judgment related discovery pursuant to Rule 56(d). Dkt. 105. Specifically, he explained that he wanted to serve Requests for Admission on the defendants. *See* dkt. 104 (proposed Requests for Admission). These Requests for Admission seek to confirm that the documents he sought in requests for production of documents do not exist. For example, he requests that the defendants admit that "there is no 'Canine Activation Report' or 'After Action Report' as it relates to the alleged July 2, 2018, search of the PCF Law Library." Dkt. 104 at ¶ 1.

Magistrate Judge Lynch denied the motion explaining:

> Mr. Vermillion's request to reopen discovery—filed more than two months after discovery closed and more than a month after the defendants filed their motion for summary judgment—is not supported by a showing of good cause or excusable neglect. Mr. Vermillion apparently wishes that he had obtained testimonial evidence from the defendants about the lack of documents responsive to his document requests, but he has not explained why he could not have pursued such discovery or moved for an extension of the discovery deadline before the discovery period closed.

Dkt. 106 at p. 2. Mr. Vermillion's objection to this Order is now before the Court.

Mr. Vermillion argues that 1) he is not attempting to reopen discovery, 2) his motion was not untimely, and even if it was untimely it was supported by

a showing of good cause and excusable neglect; and 3) the defendants' failure to answer his Requests for Admission within the requisite thirty (30) days is an admission by default.[1] Dkt. 108 at 13.

## II.
## Applicable Law

Federal Rule of Civil Procedure 72 allows parties to object to a magistrate judge's ruling. *See also* 28 U.S.C. 636(b). When the objection is to a ruling on "a pretrial matter not dispositive of a party's claim or defense," the district judge will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). But if the objection is to a dispositive order, the district judge's review is de novo. Fed. R. Civ. P. 72(b).

Discovery issues are not dispositive, and "the district judge reviews magistrate-judge discovery decisions for clear error." *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014). "Clear error is an extremely deferential standard of review" that will be found only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).

## III.
## Analysis

Mr. Vermillion objects to Magistrate Judge Lynch's order denying his request to serve Requests for Admission after the discovery period ended.

---

[1] Mr. Vermillion also argues that he "is not 'wishing' that he had obtained testimonial evidence from the defendants about the lack of documents responsible to his document requests." Dkt. 108 at p. 13. But this characterization is not an independent ground for relief.

3

First, he argues that he was not attempting to reopen discovery because Requests for Admission are not discovery. The Seventh Circuit has stated, however, that "no matter whether Rule 36 requests for admission are discovery or not," the district court is free to disregard them if they are untimely or would "interfere with . . . a discovery cutoff date." *Laborers' Pension Fund v. Blackmore Sewer Const., Inc.*, 298 F.3d 600, 605-606 (7th Cir. 2002). Both are the case here. The discovery deadline was May 11, 2022, to "complete written discovery and discovery depositions as permitted by Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure." Dkt. 59 at 5; dkt. 83 (extending discovery deadline). This deadline explicitly included any "requests for admission" under Rule 36. Dkt. 59 at 6. Mr. Vermillion also filed his motion after Defendants moved for summary judgment. *See* dkt. 105. Thus, there was no error in denying the motion to serve untimely Requests for Admission. Mr. Vermillion's attempts to serve the Requests for Admission on defendants on June 10, 2022, are of no effect. Dkt. 108 at 4.

Next, Mr. Vermillion argues that his motion was not untimely because it was brought under Rule 56(d) of the Federal Rules of Civil Procedure. "Rule 56 permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates that 'it cannot present facts essential to justify its opposition.'" *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627–28 (7th Cir. 2014) (quoting FED. R. CIV. P. 56(d)). This Rule placed the burden on Mr. Vermillion as the non-movant to state the reasons why he cannot adequately respond to the motion for

summary judgment without further discovery. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 877 (7th Cir. 2021). Additionally, "[a] party seeking relief under Rule 56(d) must show by affidavit or declaration specific reasons discovery should be extended, which requires more than a fond hope that more fishing might net some good evidence." *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019). Mr. Vermillion states that the proposed Requests for Admission would provide necessary testimonial evidence that certain documents do not exist. But there is no basis to conclude that Admission are necessary to oppose the pending summary judgment motion. Nor is there any basis to conclude that the documents are material to the retaliation claim in this case or that the admissions are necessary for the Court to consider whether the documents set forth in the Request for Production exist. *See* dkt. 109 at p. 14-15 and 26 and 29.

Relatedly, Mr. Vermillion argues that his motion was supported by a showing of good cause and excusable neglect. He provides a timeline that shows that multiple delays outside his control ultimately resulted in him having only three days to prepare his motion for time and that his motion was ultimately submitted on May 12, 2022, just one day late.[2] *Id.* But there is no explanation for why Mr. Vermillion, an experienced litigator in the Indiana Federal Courts

---

[2] He explains that discovery was prohibited until after the Court sponsored discovery conference that occurred on February 4, 2022. Dkt. 79. On March 2, 2022, Mr. Vermillion served the defendants his Second Request for Production of documents. Dkt. 108 at p.2. He did not receive their response until April 28, 2022. *Id.* at p. 3. While he was considering the defendants' response, the facility was placed on a modified lockdown, leaving him only three days to prepare his request for an extension of time.

was unable to submit his motion for time during the three-day period available to him. Under these circumstances, the denial of the motion to serve requests for admission was not clearly erroneous.

For all of these reasons, the defendants' lack of response to the untimely Requests for Admission does not result in an admission.

## IV.
## Conclusion

Mr. Vermillion has not shown clear error in the denial of an extension of time to serve Requests for Admission in this case and his objection, dkts [107], is **OVERRULED.**

**SO ORDERED.**

Date: 12/19/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAY F. VERMILLION
973683
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
PENDLETON, IN 46064
Electronic Service Participant – Court Only

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Julie Tront
Office of Indiana Attorney General
julie.tront@atg.in.gov